UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHNNIE MELTON, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3327 |
| WARDEN KESS ROBERSON, CORRECTIONAL OFFICER CRUDUP, and COUNSELOR H. JACKSON, | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff is currently incarcerated in Lincoln Correctional Center. He has paid the filing fee in full, but the Court is still required to review Plaintiff's Complaint to determine whether Plaintiff states any federal claims. 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff challenges three adverse events which occurred during Plaintiff's incarceration in Lincoln Correctional Center.

First, Plaintiff alleges that he was falsely disciplined by Warden Roberson for failing to report to work. Plaintiff asserts that he had not been scheduled to work that day. However, Plaintiff's attachments show that the punishment Plaintiff received was seven days of room restriction, which is not a serious enough deprivation to trigger procedural due process protections or otherwise violate the Constitution. Procedural due process rights are not triggered unless the deprivation suffered amounted to an "atypical and significant deprivation," such as a lengthy stint in segregation. *See, e.g.,* Toston v. Thurmer, 689 F.3d 828, 832 (7th Cir. 2012). In other words, though Plaintiff's discipline may have been unfair, the discipline did not violate Plaintiff's federal rights.

Next, Plaintiff alleges that Officer Crudup was deliberately indifferent to Plaintiff's serious medical needs by delaying Plaintiff's access to the health care unit. Liberally construing Plaintiff's

allegations, Plaintiff is diabetic and was suffering from symptoms of hypoglycemia, but Officer Crudup failed to take Plaintiff seriously and required Plaintiff to wait until the regularly scheduled time to visit the health care unit. Counselor Jackson allegedly falsified her response to Plaintiff's grievance about this event by reporting that Plaintiff's blood sugar level of 68 was not a serious medical issue.

Delaying or preventing a diabetic inmate's access to health care professionals when that inmate is experiencing a hypoglycemic episode allows a plausible inference of deliberate indifference to Plaintiff's serious medical needs. Accordingly, this claim will proceed against Officer Crudup. However, no claim is stated against Counselor Jackson for her alleged mishandling of Plaintiff's grievance. Plaintiff has no constitutional right to have the grievance officer properly handle his grievance. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

Lastly, Plaintiff alleges that Warden Roberson did not allow Plaintiff to take Plaintiff's legal documents to court with him for a hearing on August 12, 2013, in which Plaintiff was representing

himself.  Plaintiff contends that this violated his right to access the courts.  Plaintiff further alleges that Warden Roberson's actions were motivated by retaliation for Plaintiff's grievances against the IDOC Director and for asking Officer Crudup for her badge number.

Even under liberal notice pleading standards, the Court cannot discern an access to the courts claim without more information.  To state a claim for a violation of access to the courts, a prisoner "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim."  In re Maxy, 674 F.3d 658 (7th Cir. 2012).  Plaintiff does not provide information on what his claim was, what the hearing was about, or the result of the hearing.

Similarly, Plaintiff's retaliation claim against Warden Roberson does not provide enough facts.  Plaintiff does not say when he filed his grievances, what the grievances were about, how the Warden knew about the grievances, or how the Warden would know about Plaintiff asking for Officer Crudup's badge number.

Plaintiff might be able to allege facts sufficient to state a retaliation claim and an access to the courts claim against Warden Roberson, but the claims would not be properly joined with

Plaintiff's claim against Officer Crudup. The claims against Warden Roberson are unrelated to the claims against Officer Crudup. Fed. R. Civ. P. 20(a)(2).

This case will proceed only on Plaintiff's claim that Officer Crudup was deliberately indifferent to Plaintiff's serious medical needs by delaying Plaintiff's access to the health care unit when Plaintiff was experiencing a hypoglycemic episode. If Plaintiff wishes to pursue his retaliation and access claims against Defendant Roberson, Plaintiff must file a separate lawsuit.

Plaintiff has also filed a motion for the Court to try to recruit pro bono counsel. In determining whether the Court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff already has personal knowledge of facts relevant to his claim against Officer Crudup and can obtain his medical records to corroborate his claim that he had a serious medical need. Plaintiff asserts that he has only an Eighth grade education. However, Plaintiff does have some experience litigating, and his pleadings to this point demonstrate that he is competent to

proceed pro se in light of the relative simplicity of the claim in this case.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim against Defendant Roberson for deliberate indifference to Plaintiff's serious medical needs by delaying Plaintiff's access to the health care unit when Plaintiff was experiencing a hypoglycemic episode. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Plaintiff's claim arising from his discipline for failing to report to work is dismissed, with prejudice, for failure to state a claim. Any amendment would be futile because Plaintiff did not suffer a constitutional deprivation.

3) Plaintiff's claims that Warden Roberson denied Plaintiff access to the court and retaliated against Plaintiff for his grievances by refusing to allow Plaintiff to bring legal materials to a court hearing are dismissed, without prejudice, for failure to state a

claim.  Plaintiff may be able to allege sufficient facts to state claims, but Plaintiff must file a separate lawsuit to do so.

4) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendant by mailing each Defendant a waiver of service.  Defendant has 60 days from the date the waiver is sent to file an Answer.  If Defendant has not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address provided by Plaintiff, the prison litigation coordinator shall provide to the Clerk Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used

only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    7)    Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendant's positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant.  Therefore, no response to the answer is necessary or will be considered.

    8)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and

responses directly to Defense counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) **If Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:**

(1) The clerk is directed to attempt service on Defendants pursuant to the standard procedures;

(2) Plaintiff's motion to summon witnesses to support his claim is denied as premature (d/e 5);

(3) Plaintiff's motion for counsel is denied (d/e 4); and,

(4) Defendants Roberson and Jackson are terminated.

ENTERED: 1/3/2014

FOR THE COURT:             **s/Sue E. Myerscough**
                                                       SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE